UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELAND J. HEBERT,<br><br>                              Plaintiff,<br><br>v.<br><br>ALLIED RUBBER & GASKET CO., INC.,<br><br>                              Defendant. | Case No.:  20cv1350 DMS (MDD)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND** |

This case comes before the Court on Plaintiff's motion for leave to file a First Amended Complaint.  Specifically, Plaintiff seeks leave to specify which of Defendant's products are infringing his patent, and to add claims for false marking and unfair competition.  Defendant filed an opposition to the motion, and Plaintiff filed a reply.  For the reasons discussed below, the motion is granted.

## I.

## BACKGROUND

Plaintiff Leland Hebert is the inventor and exclusive owner of United States Patent No. 8,850,931 ("the '931 Patent"), entitled "Offset Wrench with Adjustable Head."

(Compl., Ex. 1.)  Plaintiff alleges that, for a time, Defendant Allied Rubber & Gasket Company ("ARGCO") was the "exclusive seller" of the wrench covered by the '931 Patent. (Compl. ¶4.)  Plaintiff alleges he was thereafter "cut out" of ARGCO's business.  (*Id.*) According to Plaintiff, ARGCO continues to sell the wrench, but without paying any compensation to Plaintiff.  Plaintiff alleges ARGCO offered him "$30,000 for a fully paid up license to the patent[,]" but he rejected that offer, and instead filed the present case.  (*Id.* ¶5.)  Defendant filed an Answer to the Complaint, the parties are engaged in discovery, and they recently submitted their joint pleadings in anticipation of the claim construction hearing, which is currently scheduled for June 8, 2021.

## II.

## DISCUSSION[1]

Federal Rule of Civil Procedure 15 provides that leave to amend a party's pleading "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a).  In accordance with this Rule, the Supreme Court has stated,

> in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these factors, the Ninth Circuit has stated "it is the consideration of prejudice to the opposing party that carries the greatest weight."

---

[1] Before turning to the merits of Plaintiff's motion, the Court notes that Defendant opposes the motion because Plaintiff failed to comply with Civil Local Rule 15.1(b), which requires the moving party to submit a proposed amended complaint with its motion.  Although Plaintiff did not comply with this Rule, it appears he provided Defendant with his original proposed amended complaint and an amended version of that same document during the meet and confer process.  (*See* Decl. of Paul Stewart in Supp. of Opp'n to Mot. ("Stewart Decl."), Ex. D.)  There being no prejudice to Defendant or the Court due to Plaintiff's violation of the Rule, the Court declines to deny Plaintiff's motion on that basis.

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The party opposing the amendment bears the burden of showing prejudice.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-87 (9th Cir. 1987).  Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.  *Eminence Capital*, 316 F.3d at 1052.

Here, Defendant relies on the futility factor to oppose Plaintiff's request for leave to amend.  The legal standard for futility "is the same as it would be on a motion to dismiss under Rule 12(b)(6)."  *K.H. by and through Humphrey v. Antioch Unified School Dist.*, No. C 18-07716 WHA, 2019 WL 3842068, at *1 (N.D. Cal. Aug. 15, 2019) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).  Under that standard, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Defendant argues Plaintiff's proposed amended complaint does not meet this standard, but the Court disagrees.  On the amendments to the patent claim, Defendant's arguments go to claim construction issues, on which the parties obviously disagree.  (*See* ECF No. 26) (parties' Joint Claim Construction Chart).  Those arguments do not show Plaintiff's amendments to that claim are futile.[2]

Defendant's arguments on the claim for false marking also fail to show futility.  To state a claim for false marking, Plaintiff must plead facts to support the elements of "(1) marking an unpatented article and (2) intent to deceive the public."  *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).  Plaintiff must also plead facts establishing a "'competitive injury[.]'"  *RB Rubber Products, Inc. v. ECORE Int'l, Inc.*, No. 3:11-cv-319-AC, 2012 WL 4068557, at *5 (D. Ore. Sept. 14, 2012) (quoting *Rogers v. Tristar Products, Inc.*, 559 Fed. Appx. 1042 (Fed. Cir. 2012)).  Here, Plaintiff's proposed amended complaint alleges Defendant "falsely marked" its Recessed, Concealer and Offset

---

[2]  The Court also notes Defendant could have raised these claim construction arguments in response to the original Complaint, but it did not do so.

3

1   Wrenches with the '931 Patent.  (Stewart Decl., Ex. D at 188.)  Plaintiff also alleges
2   Defendant intended to deceive the public by marking its wrenches with the '931 Patent
3   "when [Defendant] in fact believes that the '931 patent does not cover the wrenches and
4   that the '931 patent is invalid."  (*Id.* at 189.)  Defendant questions whether Plaintiff's
5   allegations of intent satisfy Federal Rule of Civil Procedure 9(b), but that inquiry does not
6   resolve whether the claim itself is futile.  Plaintiff also alleges that he suffered competitive
7   injury in the form of "lost sales through his website."  (*Id.* at 189-90.)  Defendant challenges
8   this allegation as well, arguing it is insufficient to support Plaintiff's claim, but the case it
9   cites, *Gravelle v. Kaba Ilco Corp.*, 684 Fed. Appx. 974 (Fed. Cir. 2017), is an appeal from
10  a summary judgment decision.  It does not address the sufficiency of pleadings on a motion
11  for leave to amend.

12          Finally, Defendant argues Plaintiff's proposed amendment does not allege a
13  plausible claim for unfair competition.  As stated above, however, Plaintiff's false marking
14  claim is plausible, and that claim, in itself, would support an "unlawful" claim under the
15  unfair competition statute.

16                                      **III.**

17                           **CONCLUSION AND ORDER**

18          Defendant has not overcome the presumption in favor of granting Plaintiff leave to
19  amend his Complaint.  Indeed, "Defendant places too heavy a burden on Plaintiffs at the
20  leave to amend stage."  *Ramirez v. ITW Food Equipment Group LLC*, No. CV 12-10023
21  ABC (AGRx), 2014 WL 12601048, at *2 (C.D. Cal. May 20, 2014).  At this stage, all
22  Plaintiff needs to do "is provide a 'short and plain statement of the claim' that is plausible
23  on its face' such that the Court can 'draw the reasonable inference that the defendant is
24  liable for the misconduct alleged.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78
25  (2009)).  Plaintiff has met that burden here, and thus the Court grants his motion for leave
26  to amend.  Any challenge to the merits of Plaintiff's proposed amendments may "be
27  / / /
28  / / /

considered after the amended pleading is filed." *Dennis v. Ralph Lauren Corp.*, No. 16cv1056-WQH-BGS, 2017 WL 3085085, at *2 (S.D. Cal. Apr. 12, 2017).

**IT IS SO ORDERED**.

Dated:  April 27, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

20cv1350 DMS (MDD)